IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT AVERY**  **PLAINTIFF**
ADC # 652373

v.   Case No.: 4:22-cv-00560-LPR

**ASA HUTCHINSON**, *et al.*   **DEFENDANTS**

## ORDER

Plaintiff Robert Avery, in the custody of the Wrightsville Unit of the Arkansas Division of Correction, filed a *pro se* Complaint on June 13, 2022.[1] Mr. Avery sought a declaratory judgment and temporary injunctive relief.[2] Upon screening, the Court concluded that Mr. Avery failed to sufficiently allege Article III standing.[3] The Court gave Mr. Avery thirty days to amend his Complaint.[4] Mr. Avery has done so, and the Court now screens Mr. Avery's Amended Complaint.[5]

**I. Screening**

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[6] Although a complaint requires only a short and plain statement showing that (if the allegations are

---

[1] Pl.'s Compl. (Doc. 2).

[2] *Id.*

[3] Order (Doc. 5) at 4. The Court also granted Mr. Avery's Motion to Proceed *In Forma Pauperis*. *Id.* at 2.

[4] *Id.* at 4.

[5] Pl.'s Am. Compl. (Doc. 6).

[6] 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

ultimately proved) the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[7]  A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[8]

### A. Factual Allegations

For the purposes of screening, the Court treats the following facts alleged in the Amended Complaint as true.  On July 30, 2018, Mr. Avery entered into a plea agreement with the State of Arkansas, which resolved various criminal charges that Mr. Avery was facing.[9]  As part of that agreement, the State and Mr. Avery agreed that Mr. Avery would be responsible for the following fines and fees: (1) $150.00 for court costs, (2) $1,000.00 for fines, (3) $20.00 for booking fees, (4) $500.00 for public-defender fees, and (5) $25.00 for the "Children's Advocacy Center Fund Fee."[10]  Mr. Avery's plea agreement also set out a payment schedule.  Within 120 days of his release from custody, Mr. Avery must begin making monthly payments in the amount of $55.00, $50.00 going to his costs, fines, and fees, and $5.00 going to a collection fee.[11]

Mr. Avery is concerned that he will be forced to pay these fines and fees earlier than he is required to under the plea agreement.  Specifically, Mr. Avery worries that Arkansas Department of Corrections (ADC) officials will confiscate his incoming COVID stimulus checks and use the confiscated funds to pay off the costs, fines, and fees due under the plea agreement.[12]  Mr. Avery

---

[7] *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[8] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[9] Pl.'s Am. Compl. (Doc. 6) at 2.

[10] *State v. Robert Avery*, 04CR-18-487, Aug. 6, 2018 Sentencing Order, at 3.  Mr. Avery incorporates this Sentencing Order into his Amended Complaint.  Pl.'s Am. Compl. (Doc. 6) at 2 ("The terms of this contract are located on page 3 of the Sentencing Order.").

[11] Pl.'s Am. Compl. (Doc. 6) at 2; *see also State v. Robert Avery*, 04CR-18-487, Aug. 6, 2018 Sentencing Order, at 3.

[12] Pl.'s Am. Compl. (Doc. 6) at 5 (stating that Mr. Avery "is to receive $1,400 and $1,800" from the IRS "soon").

bases his fear on Arkansas Act 1110, which allows ADC officials to use an inmate's federal COVID-related stimulus funds to satisfy that inmate's court-ordered costs, fines, fees, and restitution.[13]

### B. Legal Claims

Mr. Avery claims that confiscating his federal stimulus funds and using those funds to pay off his court costs, fines, and fees will violate the United States Constitution. Specifically, Mr. Avery alleges violations of the Contracts Clause, the Ex Post Facto Clause, the Equal Protection Clause, and the Due Process Clause.[14] Mr. Avery also says that enforcing Act 1110 against him will violate the Arkansas Constitution's Due Process Clause.[15] Finally, Mr. Avery seeks a declaratory judgment from the Court that enforcing Act 1110 would breach his contract (the plea agreement) with the State of Arkansas.[16]

Mr. Avery brings this suit against the following Defendants "in their official and personal capacities:" (1) Governor Asa Hutchinson, (2) ADC Secretary Solomon Graves, (3) Arkansas Division of Correction Director Dexter Payne, (4) the Arkansas General Assembly, (5) Representative "Richmond," (6) Senator "Rice," (7) Senator "G. Stubblefield," and (8) Senator "Flippo."[17]

---

[13] Ark. Code Ann. § 12-29-120.

[14] Pl.'s Am. Compl. (Doc. 6) at 1–2, 4, 8–9.

[15] *Id.* at 4.

[16] *Id.* at 1.

[17] *Id.* at 10. In the original Complaint, Mr. Avery named Governor Hutchinson, Secretary Graves, Director Payne, and the Arkansas General Assembly in the case caption. Pl.'s Compl. (Doc. 2) at 1. In the Amended Complaint, Mr. Avery expressly identifies only Governor Hutchinson in the case caption. Pl.'s Am. Compl. (Doc. 6) at 1. Near the end of the Amended Complaint, Mr. Avery adds the state legislators as defendants. *Id.* at 10. The Court warned Mr. Avery that his Amended Complaint would render the original Complaint of no effect. Order (Doc. 5) at 4. So, taking a strict approach to the rules of pleading, only Governor Hutchinson and the state legislators should be considered Defendants. The Court declines to be that strict at this time. Mr. Avery's Amended Complaint shows no intention to drop Secretary Graves, Director Payne, or the Arkansas General Assembly as Defendants. Instead, his failure to expressly name those Defendants a second time looks to be the result of Mr. Avery copying the Court's use of "*et al.*" in the case caption.

### 1. Improper Defendants

The Arkansas General Assembly must be dismissed as a Defendant because it is not a "person" for purposes of § 1983.[18] Mr. Avery's attempt to name several state legislators also fails. For one, Mr. Avery fails to properly identify the legislators because he does not provide a full first and last name for any of them. Moreover, state legislators would be immune from this lawsuit.[19] Accordingly, Representative Richmond, Senator Rice, Senator G. Stubblefield, and Senator Flippo must be dismissed as Defendants. Governor Asa Hutchinson, Secretary Graves, and Director Payne are proper Defendants (at least for purposes of screening).

### 2. Claims That Fail Screening

Mr. Avery's Ex Post Facto Clause claim must fail. "The ex post facto clause prohibits states from 'retroactively alter[ing] the definition of crimes or increase[ing] the punishment for criminal acts.'"[20] "If the law in question is focused on the past crime, then it is likely intended as a punishment, while if the focus is upon the benefit from which the person is barred, it is not, even though the impact on the individual may be harsh."[21] The language of Act 1110 is not focused on the past crime.

Mr. Avery's Equal Protection Clause argument is that prisoners are being treated differently than non-prisoners.[22] The Equal Protection Clause essentially directs that "all persons

---

[18] *Brown v. Mo. Dep't of Corr.*, 353 F.3d 1038, 1041 (8th Cir. 2004); *see also Will v. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[19] *United States v. Vesterso*, 828 F.2d 1234, 1243 (8th Cir. 1987) ("[S]tate legislators or legislative officials have an immunity from federal civil suit . . . ."); *Green v. DeCamp*, 612 F.2d 368, 371 (8th Cir. 1980).

[20] *Williams v. Hobbs*, 658 F.3d 842, 848 (8th Cir. 2011) (quoting *Collins v. Youngblood*, 497 U.S. 37, 43 (1990)).

[21] *Peeler v. Heckler*, 781 F.2d 649, 651 (8th Cir. 1986).

[22] *Id.* at 2 (alleging that Act 1110 is "discriminatory in nature" because it "attempts to collect fines, fees, costs, and restitution from only the inmates confined in the A.D.C.").

similarly situated should be treated alike."[23] But prisoners are not a protected class.[24] "Unless a law burdens a fundamental right, targets a suspect class, or has a disparate impact on a protected class and was motivated by a discriminatory intent, [courts] apply rational basis scrutiny to the challenged law."[25] There is no question that the differential treatment identified by Mr. Avery is rationally related to a legitimate government interest. Indeed, this Court has essentially said as much in prior rulings.[26] As such, Mr. Avery's Equal Protection Clause claim must fail.

Mr. Avery's Due Process Clause claim is likewise insufficient. If Mr. Avery means to make out a procedural due process claim, that claim fails. In *Mahers v. Halford*, the Eighth Circuit said that "deductions from funds received from outside sources applied to satisfy an inmate's restitution obligations . . . did not violate the Due Process Clause."[27] This Court previously held that *Mahers* forecloses any procedural due process challenge to the portion of Act 1110 that authorizes using an inmate's stimulus funds to pay court costs, fines, fees, or restitution.[28] If Mr. Avery means to press a substantive due process claim, that claim fails because Act 1110 does not infringe on a fundamental right.[29] Mr. Avery's claim under the Arkansas Constitution's Due Process Clause meets the same fate for the same reasons.[30]

---

[23] *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

[24] *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998).

[25] *New Doe Child #1 v. United States*, 901 F.3d 1015, 1027 (8th Cir. 2018).

[26] *Hayes v. Rutledge*, 4:21-cv-00347 (Doc. 422) at 12; *see also Hayes*, (Doc. 79) at 20.

[27] 76 F.3d 951, 956 (8th Cir. 1996).

[28] *Hayes*, (Doc. 422) at 11; *see also Hayes*, (Doc. 79) at 13–14.

[29] *Hayes*, (Doc. 79) at 20–21.

[30] *See Carroll v. Johnson*, 263 Ark. 280, 286, 565 S.W.2d 10, 14 (1978) (stating that Arkansas's "due process clause is not significantly different" than the Fourteenth Amendment's).

Finally, Mr. Avery's request for a "declaratory judgment stating that Act 1110 . . . violates the terms of his plea contract with the State of Arkansas" fails.[31]  The proper defendant for such an action is the other contracting party, i.e., the State of Arkansas.  Mr. Avery has not named the State as a Defendant.  Nor could he—the State of Arkansas would be immune under the Eleventh Amendment.

### 3.  Claim That Passes Screening

Mr. Avery's Contracts Clause claim chins the very low bar applicable at the screening stage.[32]  Article I, § 10 of the United States Constitution prohibits states from "pass[ing] any Law impairing the Obligation of Contracts . . . ."  A state statute "crosses the constitutional line" if it "operate[s] as a substantial impairment of a contractual relationship," and is not "drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose."[33]

Mr. Avery has alleged that (1) he entered into a contract with the State of Arkansas, (2) the contract set out a payment schedule which did not require Mr. Avery to pay his costs, fines, and fees until after he is released from custody, and (3) enforcement of Act 1110 impairs his contractual rights by forcing him to pay the costs, fines, and fees earlier than the contract requires.  For screening purposes, that is enough to plausibly allege "a substantial impairment of a contractual relationship."[34]  Mr. Avery has also sufficiently alleged that Act 1110 is not "drawn in an

---

[31] Pl.'s Am. Compl. (Doc. 6) at 1.

[32] Passing screening does not mean that the Contracts Clause claim will survive a motion to dismiss.  The Court's legal conclusions in this subsection are tentative and without the benefit of adversarial briefing.

[33] *Sveen v. Melin*, 138 S. Ct. 1815, 1821–22 (2018) (internal quotations and citations omitted).

[34] *Id.* at 1821.

appropriate and reasonable way . . . ."[35]  Specifically, Mr. Avery claims that Act 1110 "is a void act" because it is an "attempt to alter or revise a valid sentence already put into execution . . . ."[36]

## II. Preliminary Injunction

In his Amended Complaint, Mr. Avery "request[s] an injunction or TRO to prevent [the] A.D.C. from using [Mr. Avery's] stimulus money to pay any court cost, fine, fee, or restitution for the duration of this action."[37]  The Court denies Mr. Avery's request for a temporary restraining order or a preliminary injunction.  Local Rule 7.2 requires that "[p]retrial motions for temporary restraining orders [and] motions for preliminary injunctions . . . shall not be taken up and considered unless set forth in a separate pleading accompanied by a separate brief."  Accordingly, if Mr. Avery wishes to pursue a temporary restraining order or a preliminary injunction, he must do so through a separate motion and brief in support.[38]

If and when Mr. Avery files a motion for preliminary injunction, Defendants will have seven days to file a response.  Mr. Avery will then have seven days to file a reply.  The Court will be in contact with the parties to schedule a preliminary injunction hearing for the earliest possible date after briefing concludes.

## CONCLUSION

IT IS THEREFORE ORDERED that:

1. The Arkansas General Assembly, Representative Richmond, Senator Rice, Senator G. Stubblefield, and Senator Flippo are DISMISSED as Defendants.

---

[35] *Id.* at 1821–22.

[36] Pl.'s Am. Compl. (Doc. 6) at 7.

[37] *Id.* at 11.

[38] The Court again instructs Mr. Avery that if he wishes to pursue a temporary restraining order, he must comply with Federal Rule of Civil Procedure 65(b).  Even if a TRO could be requested through a complaint, Mr. Avery's request would still have failed because he did not "ceritf[y] in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).

2. Mr. Avery's Ex Post Facto Clause, Equal Protection Clause, and Due Process Clause claims are DISMISSED without prejudice.

3. Mr. Avery's request for a declaratory judgment that Act 1110 is a breach of his plea contract with the State of Arkansas is DISMISSED without prejudice.

4. Mr. Avery's embedded request for a temporary restraining order or preliminary injunction is DENIED without prejudice.

5. Mr. Avery's Contracts Clause claim will be served on Defendants Governor Hutchinson, Secretary Graves, and Director Payne.

6. The Court directs the Clerk to prepare summonses for Governor Asa Hutchinson, Secretary Solomon Graves, and Director Dexter Payne and deliver them along with a copy of the Amended Complaint (Doc. 6) and this Order to the United States Marshal for service, without requiring prepayment of fees and costs or security.

7. The United States Marshal shall serve a copy of the Amended Complaint (Doc. 6), Summons, and this Order on Defendants Governor Hutchinson, Secretary Graves, and Director Payne.  Service for Governor Hutchinson should be attempted both at 250 State Capitol, 500 Woodlane, Little Rock, Arkansas 72201, and at the Arkansas Attorney General's Office, 323 Center Street, Suite 200, Little Rock, Arkansas 72201.  Service for Secretary Graves and Director Payne should be attempted through the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

8. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

Dated this 12th day of July 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE