IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROBERT AVERY**  **PLAINTIFF**
ADC #652373

v.                      Case No. 4:22-CV-00560-LPR

**SARAH HUCKABEE SANDERS,** in
her official capacity as Governor of Arkansas, et al.   **DEFENDANTS**

### ORDER

Plaintiff Robert Avery is a prisoner in the custody of the Arkansas Division of Correction. On July 5, 2022, Mr. Avery filed his Amended Complaint, which is the operative Complaint in this case.[1] In the Amended Complaint, Mr. Avery said that he anticipated receiving $1,400 and $1,800 in COVID-19 stimulus funds from the IRS "soon."[2] An Arkansas statute, Act 1110 of 2021, instructs Defendants (state prison officials) to confiscate Mr. Avery's stimulus funds.[3] Act 1110 tells Defendants to use the confiscated funds to pay off any outstanding court fines, fees, costs, and restitution owed by Mr. Avery.[4] Then, as Act 1110 is currently enforced, any remaining funds go to Mr. Avery.[5]

---

[1] Mr. Avery's Amended Complaint was filed on July 5, 2022, but the Amended Complaint itself is dated June 26, 2022. Am. Compl. (Doc. 6) at 1, 12.

[2] *Id.* at 5.

[3] Ark. Code Ann. § 12-29-120.

[4] *Id.*

[5] Act 1110 requires Defendants to deposit the remaining stimulus funds "in equal parts to" the state prison system's general operating account and "[a]n inmate welfare fund . . . ." *Id.* § 12-29-120(d). But this Court (in another lawsuit) permanently enjoined that practice because it violates the Takings Clause and the Due Process Clause of the United States Constitution. *See Hayes v. Graves*, No. 4:21-cv-00347, 2022 WL 822881 (E.D. Ark. Mar. 16, 2022). Accordingly, a prisoner is entitled to any funds leftover after paying that prisoner's court fines, fees, costs, and restitution. *Id.*

Mr. Avery owes (at least) $1,720 in fines and fees.[6] These financial obligations flow from a plea agreement that Mr. Avery entered into with the State of Arkansas.[7] Under the plea agreement, Mr. Avery doesn't have to pay the fines and fees until he is released from prison.[8] And even then he is only required to pay $55 each month.[9] Mr. Avery says that his plea agreement with the State of Arkansas (including the $55/month payment schedule) is a valid and enforceable contract protected by the Contracts Clause of the United States Constitution.[10] So, as he sees it, Act 1110 unconstitutionally "impair[s] the Obligation of Contracts" by forcing him to pay his fines and fees in a lump sum before he is released from custody.[11]

On September 9, 2022, Mr. Avery asked this Court for a preliminary injunction that prohibits Defendants from using Mr. Avery's stimulus funds to pay the fines and fees flowing from the plea agreement.[12] The Court denied that Motion because Mr. Avery had "essentially no shot at succeeding on the merits of his Contracts Clause claim."[13] Specifically, the Court held that Mr. Avery's case was doomed because (1) he incorrectly considered his plea agreement with the State of Arkansas to be a contract protected by the Contracts Clause, and (2) in any event, he couldn't show that enforcement of Act 1110 substantially impaired the bargain contained in the plea agreement.[14]

---

[6] *State v. Avery*, 04CR-18-487, Aug. 6, 2018 Sentencing Order, at 3. Mr. Avery incorporates this Sentencing Order into his Amended Complaint. Am. Compl. (Doc. 6) at 2.

[7] Am. Compl. (Doc. 6) at 2.

[8] *Id.*; *see also State v. Avery*, 04CR-18-487, Aug. 6, 2018 Sentencing Order, at 3.

[9] Am. Compl. (Doc. 6) at 2; *see also State v. Avery*, 04CR-18-487, Aug. 6, 2018 Sentencing Order, at 3.

[10] Am. Compl. (Doc. 6) at 2–4.

[11] U.S. Const. art. I, § 10.

[12] Mot. for TRO (Doc. 15).

[13] Order (Doc. 18) at 3.

[14] *Id.* at 3–4.

In light of the Court's preliminary-injunction ruling, Defendants have moved for Judgment on the Pleadings.[15] Their principal argument is that Mr. Avery "has failed to state a valid legal claim under the Contracts Clause" because "a plea agreement is not a contract."[16] Mr. Avery reasserts his preliminary-injunction argument that a plea agreement is a valid contract protected by the Contracts Clause.[17] Mr. Avery quotes cases that say that "plea bargains are essentially contracts."[18] But the word "essentially" is important.[19] In context, all Mr. Avery's cited cases mean is that courts treat plea bargains as contracts for the purposes of interpretation.[20] So basic principles of contract law may help resolve ambiguities in a plea agreement.[21] But plea agreements are not actually contracts—much less contracts protected by the Constitution's Contracts Clause.[22]

Moreover, Mr. Avery's claim fails even if his plea agreement is a valid and enforceable contract. The substance of his claim is that Act 1110 requires him to pay his fines and fees earlier than the payment schedule contained in the plea agreement.[23] To make out a Contracts Clause claim, however, a plaintiff must show that the challenged state law "substantially impairs a contractual relationship . . . ."[24] The Eighth Circuit has said that "[a] state's interference with a minor contractual provision is not a substantial impairment" for purposes of the Contracts

---

[15] Defs.' Mot. for J. on the Pleadings (Doc. 19).

[16] Defs.' Br. in Supp. of Mot. for J. on the Pleadings (Doc. 20) at 3.

[17] Pl.'s Resp. to Defs.' Mot. for J. on the Pleadings (Doc. 24) at 1.

[18] *Id.*; *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Puckett v. United States*, 556 U.S. 129, 137 (2009)).

[19] Indeed, the entire quote from *Puckett* is: "*Although the analogy may not hold in all respects*, plea bargains are essentially contracts." *Puckett*, 556 U.S. at 137 (emphasis added); *see also Garza*, 139 S. Ct. at 744.

[20] *United States v. Ritchison*, 887 F.3d 365, 369 (8th Cir. 2018).

[21] *See id.*

[22] *See id.*

[23] Am. Compl. (Doc. 6) at 2–4.

[24] *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 728 (8th Cir. 2022).

Clause.[25]  The payment schedule (i.e., the timing of the payments) in the plea agreement is a minor provision.  It is far more procedural than substantive—it simply tells the parties to the plea agreement how to carry out the fines-and-fees part of the agreement.  Act 1110 neither changes the amount of money Mr. Avery owes under the plea agreement, nor requires Mr. Avery to serve additional prison time based on the criminal charges that the plea agreement resolved.  Act 1110's effect is limited to creating a small exception to the payment schedule for a specific category of windfall funds.  In short, Act 1110 does not "undermine[] the contractual bargain" in any way that can be described as "substantial."[26]  Accordingly, the Court GRANTS Defendants' Motion for Judgment on the Pleadings.[27]

IT IS SO ORDERED this 11th day of January 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[25] *Id.* (citing *Sveen v. Melin*, 138 S. Ct. 1815, 1824 (2018)).

[26] *Id.*

[27] The Court has changed the caption in this case to reflect that Sarah Huckabee Sanders is now the Governor of Arkansas.  This change has been made pursuant to Federal Rule of Civil Procedure 25(d).